UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN PEHRSON,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION FOR<br>RELEASE PENDING APPEAL<br><br>Case No. 2:19-cr-010 HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On August 23, 2022, Defendant Nathan Pehrson moved the court to order his release from prison and to stay the remainder of his sentence pending the resolution of his appeal to the Tenth Circuit, pursuant to 18 U.S.C. § 3143(b) and Federal Rule of Criminal Procedure 38(b)(1). Under 18 U.S.C. § 3143(b)(1), "a person who has been found guilty of an offense and sentenced to a term of imprisonment" must be detained unless that person can establish (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "that the appeal . . . raises a substantial question of law or fact likely to result in . . . a reversal; an order for a new trial; a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less that the total of the time already served plus the expected duration of the appeal process."

In allowing Mr. Pehrson to remain at liberty between the time of his conviction and his self-surrender to the Bureau of Prisons, this court previously found, by clear and convincing evidence, that Mr. Pehrson is not likely to flee and, because he is no longer licensed as a nurse, that Mr. Pehrson does not pose a danger to the safety of any other person or the community. *See* Dkt. No. 135. The court stands by those findings and the Government does not suggest that they

should be revisited. *See* Dkt. No. 147 at 2–3. Whether Mr. Pehrson is entitled to release pending resolution of his appeal thus turns on whether his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or any other type of relief specified in Section 3143(b)(1)(B). The court concludes that it does not.

Mr. Pehrson argues that this court committed two errors that are likely to result in the reversal of his conviction. First, he argues that the court erred in allowing the Government's expert, Dr. Kevin Paulson, to opine that Mr. Pehrson more likely than not ingested hydromorphone. The court believes it unlikely that the Tenth Circuit will reverse its ruling denying Mr. Pehrson's motion to exclude Dr. Paulson's testimony, however.

Prior to ruling on this *Daubert* motion, the court held an evidentiary hearing at which Dr. Paulson explained his methodology and Mr. Pehrson's counsel cross-examined Dr. Paulson at length. *See* Dkt. No. 140. The parties submitted briefing on the *Daubert* motion both before and after the evidentiary hearing, and the court carefully considered these submissions. *See* Dkt. No. 95. The court then detailed its reasons for denying the motion on the record. *See* Dkt. No. 136 at 13:12–20:10.

In considering Mr. Pehrson's motion for release pending disposition of his appeal, the court has reviewed its ruling on the *Daubert* motion and stands by that ruling. In all events, the court believes that it "adequately demonstrate[d] by specific findings on the record that it has performed its duty as gatekeeper." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000). And the court thinks it quite unlikely that the Tenth Circuit will find that the court "made a clear error of judgment or exceeded the bounds of permissible choice" or that its *Daubert* ruling was so "arbitrary, capricious, whimsical or manifestly unreasonable" as to

amount to an abuse of discretion. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003) (citations omitted).

Second, Mr. Person argues that the court abused its discretion in overruling the defense's objection to a single answer given by the Government's witness, Dr. Richard Cox, in response to cross-examination. Specifically, Mr. Pehrson argues that the court abused its discretion by treating Dr. Cox's answer as lay rather than expert opinion. The court recognizes that the line between lay and expert testimony is frequently murky and subject to reasonable dispute. But after considering the factors set forth by the Tenth Circuit in *James River Ins. Co. v. Rapid Funding, LLC*, the court continues to believe that Dr. Cox's answer was properly characterized as a lay opinion. *See* 658 F.3d 1207 (10th Cir. 2011). Although Mr. Pehrson argues otherwise, the Tenth Circuit has held that lay opinion testimony *can* rely on "a limited amount of expertise," so long as the "opinions or inferences could be reached by any ordinary person." *Id.* at 1214 (cleaned up). The Tenth Circuit has also recognized that "witnesses with arguably pertinent professional experience could nevertheless offer Rule 701 lay testimony under certain circumstances, including where they possess personal familiarity with documentary evidence at issue." *United States v. Powers*, 578 F. App'x 763, 774–75 (10th Cir. 2014). The court believes that Dr. Cox's answer was admissible under these authorities.

Regardless of how it is properly characterized, moreover, the court concludes that Dr. Cox's answer was a fair response to a question asked by Mr. Pehrson's own lawyer and that Mr. Pehrson therefore could not properly object to it. Indeed, the court believes that Mr. Pehrson's objection was especially egregious given that his counsel had clearly attempted to solicit an answer—that the algorithms Intermountain Health Care used to alert the company to potential diversion could result in false red flags—that would have been subject to the *exact same*

*objection* (assertedly exceeding the scope of lay knowledge) that counsel made in response to the answer Dr. Cox in fact gave. It has long been settled that "[c]ounsel cannot ask such a question, and take the benefit of it if he likes the answer, but strike the answer out if it is harmful." *Parilla v. United States*, 280 F. 761, 765 (6th Cir. 1922).[1] That is exactly what Mr. Pehrson's counsel sought to do at trial.

Finally, even if the Tenth Circuit were to agree with Mr. Pehrson that the court abused its discretion by declining to strike Dr. Cox's answer, the court believes it unlikely that the Tenth Circuit would disturb the jury's verdict on that ground. It is well settled that where "there is an abundance of evidence regarding the defendant's guilt, the nonconstitutional error will be deemed harmless." *United States v. Solomon*, 399 F.3d 1231, 1238 (10th Cir. 2005). Having heard all of the evidence offered at trial, the court readily concludes that even if it erred in permitting Dr. Cox's answer to stand, that error was harmless beyond a reasonable doubt.

Because Mr. Pehrson has failed to show that his appeal raises substantial questions likely to result in reversal, a new trial, or any other type of relief specified in 18 U.S.C. § 3143(b)(1)(B), his motion for release pending appeal is **DENIED**.

---

[1] *See also, e.g.*, *United States v. Robinson*, 439 F.3d 777, 782 (8th Cir. 2006) ("Robinson's attorney then objected to the witness's testimony, and now claims it was an 'unresponsive and uninvited intentional inflammatory statement' that was 'made with for [sic] the purpose to prejudice the jury.' However, as the court correctly noted, the witness directly responded to counsel's question. Robinson's attorney asked what he believed, and the witness told him. A witness's truthful response to counsel's own question is not grounds for a mistrial."); *United States v. Zitt*, 714 F.3d 511, 513 (7th Cir. 2013) ("Summers gave an answer that was responsive, fair, and entirely proper given the line of questioning Tavitas was pursuing. Tavitas invited the answer Summers gave, and thus the district court did not abuse its discretion by denying Zitt's motion for mistrial.") (cleaned up); *United States v. Merida*, 765 F.2d 1205, 1221 (5th Cir. 1985) ("We observed that the answer was responsive to the question and concluded that counsel could not turn his own misjudgment into grounds for a mistrial. In the case before us, counsel not only provided the witness with the invitation to make the damaging remark, he impressed that remark into the jury's memory").

**IT IS SO ORDERED**.

DATED this 23th day of September, 2022

_____
Howard C. Nielson, Jr.
United States District Judge